Morton B. Silberman, J.
In these personal injury and wrongful death actions, third-party defendant General Motors Corporation (hereinafter GM) moves for summary judgment dismissing the third-party complaints and cross claims as against it (CPLR 3212). Third-party defendant Jack Raywid, individually and as executor and trustee of the last will and testament of William D. DuBois, deceased (hereinafter Raywid), cross-moves for the same relief.
The within personal injury and wrongful death actions arose from a collision on March 24, 1972 between a school bus and a freight train, at a grade crossing in Congers, New York. The plaintiffs in these actions were passengers in the school bus. They sustained personal injuries or died as a result of personal injuries sustained in the collision.
The school bus in question was owned by third-party plaintiff Rockland Bus Lines, Inc. (hereinafter Rockland Bus) and, at the time of the accident, was being operated by Rockland Bus’s employee, third-party plaintiff Joseph Larkin. The chassis of the school bus was manufactured by third-party defendant General Motors Corporation (GM). It was sold to Rockland Bus through GM’s distributor, third-party defendant Raywid’s testator. The body or coach section of the bus was manufactured by third-party defendant Carpenter Body Works, Inc.
In the third-party actions, Rockland Bus and the other third-party plaintiffs seek indemnity and/or apportionment against GM, Raywid and others. The third-party claims are based upon: (a) alleged negligence in the design and construe *990 tion of the chassis and body of the school bus; (b) alleged breaches of express and implied warranties; (c) alleged frauds; and (d) "strict liability.” [1] In essence, the third-party plaintiffs claim that the injuries sustained by some of the passengers in the bus were caused or were enhanced or exacerbated by reason of the alleged defects in the design and construction of the chassis and body of the school bus. Third-party plaintiffs seek recovery over against the third-party defendants to the extent that any of the injuries sustained by the passengers were caused or exacerbated by the aforesaid alleged defects in design and construction.
Liability for so-called "second collision” injuries is a new concept in this State, and was first recognized by the Court of Appeals in the recent case of Bolm v Triumph Corp. (33 NY2d 151). In Larsen v General Motors Corp. (391 F2d 495, 502), the Federal precursor of Bolm, it was stated that such liability arises from the duty of a manufacturer to exercise "reasonable care in the design of its vehicle to avoid subjecting the user to an unreasonable risk of injury in the event of a collision.” However, the courts in both Bolm and Larsen clearly indicated that fulfillment of such duty does not require the manufacturer to design a vehicle which is "crash-proof.”
In Larsen, the court defined the parameters of a manufacturer’s duty in regard to "safe” design as follows (p 503): "This duty of reasonable care in design rests on common law negligence that a manufacturer of an article should use reasonable care in the design and manufacture of his product to eliminate any unreasonable risk of foreseeable injury. The duty of reasonable care in design should be viewed in light of the risk. While all risks cannot be eliminated nor can a crash-proof vehicle be designed under present state of the art, there are many commonsense factors in design, which are or should be well known to the manufacturer that will minimize or lessen the injurious effects of a collision. The standard of reasonable care is applied in many other negligence situations and should be applied here.”
In Bolm (33 NY2d 151, supra), the court agreed that "gen *991 eral negligence principles” were applicable (p 158), and, after quoting liberally from Larsen, couched the manufacturer’s duty in the following terms (p 157): "a manufacturer is under no duty to design a product which is accident-proof * * * Thus, the operator of a motor vehicle assumes the dangers which inhere in its operation, including the probability of many 'second collision’ injuries. The extent of that assumption, however, should be no greater than those 'second collision’ injuries which would result from an impact in a reasonably designed and constructed vehicle. While a vehicle need not be made 'crashworthy’, the manufacturer should not be permitted to argue that a user of its product assumes dangers from unknown or latent defects, either in construction or design, which the manufacturer can reasonably foresee will cause injury on impact.” (Emphasis added.)
The collision herein occurred between a school bus and a freight train weighing in excess of 4,000 tons. The nub of GM’s motion for summary judgment of dismissal is an argument to the effect that no school bus could possibly be designed to withstand the forces generated by a collision such as that herein.
GM’s foregoing argument ignores the major thrust of third-party plaintiffs’ "second collision” claims, which do not, in fact, proceed upon the theory that third-party defendants were charged with the duty of designing and constructing a school bus capable of "withstanding” a collision with a freight train. Rather, it is third-party plaintiffs’ contention, as supported by the opinions expressed in the affidavits submitted by their experts, that modifications in the design of the chassis could and would have prevented or rendered less serious the injuries sustained by some of the passengers.
The ultimate issue to be decided in the third-party actions is whether any of the passengers sustained injuries more serious than those "which would result from an impact in a reasonably designed and constructed” school bus (Bolm v Triumph Corp., 33 NY2d 151, 157 supra), bearing in mind, in addition to other relevant factors, the physical nature of the collision and of the colliding vehicles. This critical issue should not be decided by the court on the basis of the conflicting expert opinions expressed in the affidavits submitted on this motion for summary judgment, but should properly be decided by a jury after a plenary trial.
*992 Accordingly, the motion and cross motion are denied.

. In a prior decision, the undersigned ruled that the third-party claims based upon fraud were subject to the same four-year Statute of Limitations applicable to the breach of warranty claims, which Statute of Limitations is to be measured from the delivery date of the bus. That ruling has been upheld on appeal (Li Puma v County of Rockland, 45 AD2d 992).